COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


DAVID RALPH HARTNETT

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1507-00-2      JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 19, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                      John W. Scott, Jr., Judge

             Christopher D. Small, Assistant Public
             Defender, for appellant.

             Shelly R. James, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.



     The appellant, David Ralph Hartnett, appeals his conviction

for abduction, in violation of Code § 18.2-47.  Hartnett

contends:  (1) the evidence was insufficient to prove the

specific intent necessary to convict him of abduction; and

(2) his conviction for battery arising out of the same incident

barred his conviction for abduction under the Double Jeopardy

Clause.  Because we find the evidence was insufficient to prove

specific intent, we reverse Hartnett's conviction and dismiss

the indictment.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>BACKGROUND</u>

On appeal, we view the evidence and all inferences reasonably deducible therefrom, in the light most favorable to the Commonwealth.  <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On the evening of June 21, 2000, D.S., a seventeen-year-old high school student, and a friend, H.B., were visiting the Rappahannock Regional Library in the City of Fredericksburg.  While they were reading on the second floor of the library, they observed Hartnett standing near a bookshelf about fifteen feet away, watching them from behind a book that he was holding in front of his face.

As the girls discussed their plans to leave, Hartnett ran up behind D.S. and grabbed her around the waist.  He started "thrusting" his pelvic area into her buttocks and continued to hold her for several seconds as she tried to remove his arms.  When D.S. started to scream, Hartnett released her and ran out of the library.  D.S. testified that the restraint and the thrusting motion began and ended at the same time and that both lasted "about five seconds."

Deputy Sheriff Scott Sullivan stopped Hartnett approximately four blocks from the library, five to ten minutes after Sullivan was dispatched to the area.  Hartnett denied visiting the library that evening, a denial he recanted at trial when he affirmed seeing the girls there.  He further testified that D.S. gestured to him "in sort of an erotic sort of way."

-

He admitted he touched her breast but denied any "rubbing and grabbing."

Hartnett was charged with assault and battery, in violation of Code § 18.2-57, and abduction, in violation of Code § 18.2-47. Hartnett was tried on the former in the Juvenile and Domestic Relations District Court. He appealed his conviction for misdemeanor assault and battery to the circuit court, but withdrew the appeal before the trial on the abduction charge. At the close of the Commonwealth's evidence on the abduction charge, Hartnett moved to dismiss the charge. The court denied his motion and found him guilty of abduction.

ANALYSIS

In order to prove Hartnett abducted D.S., the Commonwealth had to prove he seized or detained D.S. "with the intent to deprive [her] of [her] personal liberty . . . ." Code § 18.2-47. Hartnett contends the evidence only proves he committed assault and battery, but fails to prove he seized D.S. with the specific intent to deprive her of her personal liberty. We find that this case is controlled by Johnson v. Johnson, 221 Va. 872, 275 S.E.2d 592 (1981), and reverse Hartnett's conviction.

In Johnson, the defendant knocked on the victim's apartment door and asked her for a drink of water. When the victim turned to get the glass of water, the defendant came up behind the victim and grabbed her. The defendant held the victim for ten

-

to fifteen seconds while "rub[bing] his hips back and forth on [her] rear end."  The Virginia Supreme Court held:

> When [the defendant] put his arms around [the victim] and held her tightly this was done in furtherance of his sexual advances and not with the intent to deprive her of her personal liberty, although such deprivation did occur momentarily.

Id. at 879, 275 S.E.2d at 597.  Accordingly, the Supreme Court held the evidence was insufficient to support a conviction for abduction.  Id.

The facts of this case are virtually indistinguishable from those of Johnson.  Hartnett approached the victim, wrapped his arms around her waist and thrust up against her.  The restraint and the thrusting motion were simultaneous and continued for five seconds.  As in Johnson, no evidence established that Hartnett held the victim with the specific intent to deprive her of her liberty.

Accordingly, we reverse Hartnett's conviction for abduction and dismiss the indictment.[1]

Reversed and dismissed.

---

[1] Because we reverse on the ground the evidence was insufficient to prove abduction, we need not address Hartnett's contention that the abduction conviction constituted a violation of the Double Jeopardy Clause.